UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PETER PROSTYAKOV, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1430-SEB-VSS |
| | ) | |
| MASCO CORPORATION, | ) | |
|     Defendant. | ) | |

**ORDER DENYING MOTION TO REQUIRE DEFENDANT TO POST SUPERSEDEAS BOND AND DENYING PARTIAL RELIEF FROM STAY**

This cause is before the Court on the Motion for Partial Relief from Stay and Bond on Stay of Execution Pending Appeal [Docket No. 59] filed by Plaintiff, Peter Prostyakov ("Prostyakov"), on November 13, 2006. Prostyakov requests that this Court lift the Stay of Execution of Judgment we ordered on October 11, 2006 [Docket No. 51] as to equitable relief. He also requests that Defendant, Masco Corporation ("Masco") be required to post supersedeas bond as security for the stay of execution of Plaintiff's money judgment. The Court, having reviewed the parties' briefings on this Motion, and being duly advised in the premises, hereby <u>DENIES</u> Plaintiff's Motion on both grounds for the reasons detailed in this entry.

This dispute stems from the termination of Prostyakov's employment with Masco in 1996.[1] At that time, the parties negotiated a settlement agreement regarding the parting

---

[1] Prostyakov, a Russian citizen, worked as managing director and agent of the Masco Representative Office in Russia prior to his dismissal.

of ways between them, in which they agreed to submit to arbitration in the event of breach of the agreement.  Eventually, divisive issues arose, specifically with regard to entries in Prostyakov's Labor Book, a Russian document that details a person's employment history and is required under Russian law for all employees.  In 2003, Prostyakov instituted arbitration proceedings in the United States in order to adjudicate these disputes; Masco denied Prostyakov's claims and challenged the arbitrator's jurisdiction.  The arbitrator, Max Hittle, ruled that he had jurisdiction and that the claims were arbitrable, and (after a four-day hearing) proceeded to enter judgment in Prostyakov's favor.  On August 15, 2005, he awarded Prostyakov damages, fees, and expenses in the net amount of $726,811.96, and provided equitable relief to Prostyakov by requiring Masco to issue an executive order acknowledging the termination of the employment relationship by mutual agreement.  This equitable relief was designed with Russian law in mind; because employment history for Russian citizens is well-documented (by means of the Labor Book), the order was intended to prevent future harm to Prostyakov's employment prospects.

Prostyakov sought to enforce the arbitration award in our Court, and in our entry of September 29, 2006 [Docket No. 48], we granted Prostyakov's Petition to Confirm Arbitration Award, and entered Judgment in his favor.  On October 9, 2006, Masco moved for a stay of the judgment pending appeal,[2] which we granted on October 11, 2006 [Docket No. 50].  Our Order did not require that Masco post a supersedeas bond or any

---

[2] Masco appealed our order on October 27, 2006.  See Docket No. 52.

other security in consideration of the stay.

Prostyakov now requests that we require Masco to post a supersedeas bond in order to secure the monetary portion of the judgment while the appeal is pending, and lift the stay as to the equitable relief ordered by the arbitrator (the executive order to be issued by Masco). For the foregoing reasons, we decline both requests.

*Defendant is Not Required to Post Supersedeas Bond*

The purpose of a supersedeas bond is to protect an appellee from loss should the judgment debtor become insolvent. See Celotex Corp. v. Edwards, 514 U.S. 300, 332 (1995). Federal Rule of Civil Procedure 62(d) provides that when an appeal is taken, the appellant may (subject to some exceptions) obtain a stay by giving a supersedeas bond in order to secure the judgment. In such circumstances, a stay becomes effective when the supersedeas bond is approved by the court. See Fed. R. Civ. P. 62(d). However, the posting of supersedeas bond is not mandatory to stay execution of judgment under Rule 62(d), especially where the district court is satisfied that the bond expenditure is not necessary to protect the appellee during the pendency of the appeal. See United States v. Indianapolis Baptist Temple, 1999 WL 1249452 at *2 (S.D. Ind. 1999); Northern Indiana Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986). See also Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir. 1988) ("The applicable standard of review in this area is an abuse of discretion.").

In determining whether to waive the posting of a supersedeas bond, we may in our discretion look to several criteria enumerated by the Seventh Circuit, including: the

complexity of the collection process; the amount of time required to obtain judgment if it were to be affirmed on appeal; the degree of confidence that we have in the availability of funds to pay the judgment; and whether the defendant's solvency is so plain that the cost of a bond would be a waste of money.  See Dillon, 866 F.2d at 904-05.  Here, the defendant's financial situation is determinative.  Masco is a major, 70-year-old publicly traded company with approximately $606 million cash on hand and a market cap of $10.86 billion.  Masco's cash reserves are approximately 834 times the judgment amount; its market cap is about 14,942 times the amount.  Resp. at 3.  Given Masco's strong financial position, we find that a supersedeas bond would be unnecessary to secure the judgment; it is certainly solvent, and we have a great deal of confidence that it would be able to pay the judgment should it be required to do so.  Compare Carbon County Coal Co., 799 F.3d at 281 (upholding district court's decision not to require supersedeas bond where the appellant's net worth was 5.5 times the judgment amount); Dillon, 866 F.2d at 905 (holding that a $484 million fund was "more than adequate to guarantee payment" of a judgment of approximately $170,000).  Our prior order stands as written; Masco is not required to post bond.

*Stay on Equitable Relief*

Prostyakov also requests that we lift the stay as to the arbitrator's order that Masco issue an executive order regarding Prostyakov's employment.  Federal Rule of Civil Procedure 62(c) provides a district court discretion to suspend, grant, modify, or restore injunctions during the pendency of an appeal, upon such terms as it considers proper.  See

Fed. R. Civ. P. 62(c).  In assessing whether a stay is warranted, we examine several factors, including whether the appellant has a reasonable likelihood of success on the merits at appeal, whether he or she will be irreparably injured without a stay, whether the stay will substantially injure other parties, and where the public interest lies.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Hinrichs v. Bosma, 440 F.3d 393, 396 (2006).

Prostyakov contends that the corrective order is "of utmost importance" to him because "it will clarify his employment record and allow him to conclude employment opportunities presently available" in Russia.  Mot. at 4.  The arbitrator stated that the executive order was necessary to "end the continuous breach" of the settlement agreement between the parties.  Id.  Moreover, Prostyakov argues, the issuance of the order is little more than a ministerial act for Masco.

Masco responds that, should it be required to execute the arbitrator's order at this time, it will face substantial difficulty in reversing such an action later.[3]  Further, it disputes whether Prostyakov is in fact suffering any harm as a result of the stay, noting that, upon information and belief, he is the chairman of a bank in Moscow.  Resp. at 5.

Given that Masco's appeal is currently pending before the Seventh Circuit, including the appropriateness of the arbitrator's order, we feel constrained to deny

---

[3] We note that Masco is apparently of the impression that the arbitrator's order requires it to make a physical entry in Prostyakov's Labor Book.  It fears that, should it do so, it would be unable to get the Labor Book back from Prostyakov at a later date to alter the entry if it is successful on appeal.  We (and Prostyakov) read the arbitrator's ruling differently.  The arbitrator requires that Masco issue an executive order and provide it to Prostyakov, but does not require that Masco make any entry in the Labor Book.  However, in our view, Masco *would* face substantial difficulties in that, absent a stay, it may have to issue potentially conflicting executive orders.

Prostyakov's request to lift the stay as to equitable relief during the pendency of the appeal. We are concerned that, should Masco succeed on appeal, forcing it to issue an executive order at this point could create a situation in which it could later need to issue a subsequent "retraction," which would be duplicative, confusing, and burdensome. However, our ruling is not made in disregard of the claimed ongoing injury Prostyakov suffers based on the stay, given the unique procedural requirements of Russian employment law. Therefore, this may be a matter which Prostyakov will seek to appeal as well, so that the Seventh Circuit can pass on the appropriateness of our denial here.[4]

Accordingly, Plaintiff's Motion for Partial Relief from Stay and Bond on Stay of Execution Pending Appeal is <u>DENIED</u> in its entirety. IT IS SO ORDERED.

Date: December 21, 2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Brian Edward Bailey
ICE MILLER LLP
brian.bailey@icemiller.com

Stephen Edwards Plopper
STEPHEN PLOPPER & ASSOCIATES
splopper@sploplaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com

---

[4] <u>See</u> Fed. R. Civ. P. 62(g) ("The provisions in this rule do not limit any power of an appellate court . . . to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.").