UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |
|---|---|
| PETER A. PROSTYAKOV, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MASCO CORPORATION, ) <br> ) <br> Defendant. ) | 1:05-cv-1430-SEB |

**ENTRY GRANTING DEFENDANT'S MOTION TO REOPEN CASE TO SEEK RELIEF FROM JUDGMENT BASED ON SATISFACTION OF JUDGMENT, DENYING DEFENDANT'S MOTION FOR ORAL ARGUMENT, AND GRANTING DEFENDANT'S MOTION FOR AN ORDER OF DEPOSIT AND INVESTMENT**

Prostyakov commenced arbitration proceedings against Masco, arising out of Masco's breach of the parties' Settlement Agreement, which had settled claims emanating from their employment relationship.  Masco asserted a counterclaim against Prostyakov.  Following arbitration proceedings, on August 15, 2005, the arbitrator ruled in favor of Prostyakov's claims and in favor of Masco's counterclaims.  The arbitrator entered an arbitration award consisting of $783,833.81 to Prostyakov for damages, attorney fees and expenses, and $62,521.85 to Masco for attorney fees and indicating that the sums awarded were to be paid within thirty days.  He also ordered equitable relief to Prostyakov.  Because Masco had not yet complied with the arbitration decision, Prostyakov petitioned this court to confirm the arbitration award.

On September 29, 2006, the court granted Plaintiff's Motion to Confirm Arbitration Award and entered judgment in favor of Plaintiff and against Defendants.  The court's Entry states in part: "we GRANT Plaintiff's Petition to Confirm Arbitration Award, [and] DENY Defendants' Verified Application to Vacate Arbitration Award . . . ."  (Entry at 1.)  The court's

judgment reads: "The Court, having issued its Entry on the motions before it, now grants final judgment in favor of Plaintiff and against Defendants, each party to bear its own costs."

Masco appealed.  On appeal, Prostyakov sought sanctions against Masco for a frivolous and bad faith appeal, specifically seeking an order for Masco to pay his attorneys' fees and costs.  On January 22, 2008, the Seventh Circuit affirmed.  The circuit was "inclined to agree" with Prostyakov that Masco's appeal was frivolous; it termed Masco's arguments "legally meritless" and said that "they appear[ed] to have been made disingenuously."  *Prostyakov v. Masco Corp.*, 513 F.3d 716, 726 (7th Cir. 2008).  However, the circuit found an award of attorneys' fees and costs against Masco unnecessary.  The reason: Pursuant to the Settlement Agreement, Masco "already has agreed to reimburse Prostyakov for attorneys' fees and costs stemming from the litigation before the district court and us."  *Id.*  That brings the parties back to this court, primarily for a resolution of their dispute over attorneys' fees and costs.

In early February 2008, Masco made two payments to Prostyakov, a $995,134.68 wire transfer and a cashier's check for $66,400.27, together totaling $1,061,535.95, in partial satisfaction of the court's judgment.  Prostyakov issued a check to Masco for $66,400.**27**.[1]

*Discussion*

Rule 60(b)(5) of the Federal Rules of Civil Procedure provides in part that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment. . . for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged . . . ."  Fed. R. Civ. P. 60(b).  Rule 69(a) provides that a party may seek

---

[1] At times the parties indicate that they exchanged checks for $66,400.**76** instead.  The precise amount is not critical; what matters is that the parties agreed on the amount owed by Prostyakov to Masco and further agreed to exchange checks in that amount.

satisfaction of a judgment by following the "procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a).  Under Indiana Trial Rule 67(B), "payment of money owing under and following a judgment may be made to the judgment creditor or his attorney . . . or to the clerk of the court where the judgment is rendered.  If paid to the clerk, the clerk shall notify the person entitled thereto or his attorney and shall pay such sum to him upon receiving a statement of satisfaction required herein."

Masco asks this court to reopen this case in order to enter a satisfaction of judgment, allow Masco to deposit with the Clerk of the Court the $33,386.59 which it has attempted twice to pay Prostyakov's attorney, to find that the judgment against Masco has been satisfied and so order, and to request the Clerk to issue a check payable to Prostyakov for $33,386.59.

Prostyakov claims that, in addition to the arbitration award of $789,333.81, he is entitled to the following amounts to satisfy this court's judgment: interest on the arbitration award from the date of arbitration to the date of this court's judgment; post-judgment interest; contingent attorney fees paid in excess of the billed attorneys' fees; attorneys' fees from July 1, 2005 to August 15, 2005; attorneys' fees from August 15, 2005 to January 22, 2008; attorneys' fees from January 22, 2008 to February 5, 2008; Prostyakov's expenses of $14,266.71; and his claimed court costs of $257.28.[2]  These are discussed below.

*Interest on Arbitration Award*

---

[2] At an earlier point in time, Prostyakov claimed an additional expense of $2,835.25 for airline tickets from January 22 to February 5, 2008.  (See Def.'s Br., Exs. H, K, & Q.)  He does not mention this expense in his Response to Defendant's Motion or his Verified Brief in Response, so he apparently has abandoned any claim that Masco should pay for this expense.

The attorneys' fees for August 15, 2005 to January 22, 2008, $211,137.35, and the claimed court costs, $257.28, were included in Masco's February 6, 2008, wire transfer.  (See Def.'s Br., Exs. E, F, & G.)

3

Prostyakov seeks interest on the arbitration award from the date of arbitration to the date of this court's judgment. He may have been entitled to interest on the award at one time. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("prejudgment interest 'is an element of [plaintiff's] complete compensation.'") (quotation omitted); *Hooker Builders, Inc. v. Smalley*, 691 N.E.2d 1256, 1258 (Ind. Ct. App. 1998) (concluding that final and binding arbitration award was amenable to prejudgment interest for the time between award and entry of judgment).[3] The court's judgment, however, did not award such interest and gave no indication of any intent to award such interest.

Thus, to obtain an award of interest on the arbitration award, Prostyakov should have filed a motion to alter or amend this court's judgment. A post-judgment motion for prejudgment interest is a Rule 59(e) motion to amend a judgment, *Osterneck*, 489 U.S. at 176, and thus must be filed no later than 10 days after entry of the judgment. Prostyakov did not move within 10 days of date of the entry of the judgment, September 29, 2006, to amend the judgment to include prejudgment interest. Thus, Prostyakov has waived any right he may have had to interest on the arbitration award from the date of the award to this court's judgment.

*Post-Judgment Interest*

The parties do not dispute that Prostyakov is entitled to post-judgment interest on the court's judgment. They dispute only the rate that should be used to calculate such interest.

A party who obtains a money judgment in federal court is entitled to post-judgment interest under 28 U.S.C. § 1961. *See Houben v. Telular Corp.*, 309 F.3d 1028, 1039 (7th Cir.

---

[3] Contrary to Masco's assertion, Prostyakov did request such interest before the entry of judgment, see, *e.g.*, Plaintiff's Reply in Support of Objection to Petition to Confirm at 20.

4

2002).  Section 1961(a) provides for the method of calculating interest in cases such as this: "[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield." 28 U.S.C. § 1961(a).

Prostyakov, however, argues that Rule 37 of the Federal Rules of Appellate Procedure allows application of Indiana's statutory rate of 8% to calculate the post-judgment interest in this case.  His view is incorrect.  For cases in which an appeal is taken, Rule 37 determines *when* post-judgment interest begins to run.  *See* Fed. R. App. P. 37(a) ("Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered."); *see also* Fed. R. App. P. 37 advisory committee's note ("if a money judgment is affirmed in the court of appeals, the interest which attaches to money judgments by force of law . . . upon their initial entry is payable as if no appeal had been taken") (1967 adoption).  Nothing in Rule 37 speaks to what law is applicable to calculate post-judgment interest.  Nor does Rule 37 allow a district court to supplant § 1961 with a state law post-judgment interest statute, as Prostyakov—without citing any authority —would have us do.  Federal law, however, "governs the award of post-judgment interest." *Travelers Ins. Co. v. Transp. Ins. Co.*, 846 F.2d 1048, 1053 (7th Cir. 1988).

This discussion is somewhat academic, though, as we soon shall see—regardless of the appropriate interest rate—because the parties reached an agreement on the amount of unpaid interest still due from Masco— $2,509.88.

*Attorneys' Fees*

Prostyakov breaks down the requested attorneys' fees into three categories: (1) contingent attorney fees paid in excess of the billed fees; (2) fees from July 1, 2005, to August 15, 2005, and (3) fees from January 22, 2008 to February 5, 2008.

The arbitrator found that Prostyakov incurred $128,196.74 in attorneys' fees and expenses in prosecuting the arbitration and ordered Masco to pay Prostyakov these fees and expenses. The arbitrator's decision makes no hint of any alleged contingency fee agreement and clearly did not order Masco to pay Prostyakov any attorneys' fees arising out of such an agreement. And, tellingly, Prostyakov does not claim that he requested the arbitrator to order Masco to pay any attorneys' fees that he allegedly owed under a contingency fee agreement. The time to seek fees based on such an agreement was during the arbitration—not now. By failing to ask for such fees then, Prostyakov waived any right he may have had to seek such fees now. *See Baltimore & Ohio Chi. Terminal R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 412 (7th Cir. 1998).[4]

Moreover, as the Seventh Circuit held: Masco "agreed to reimburse Prostyakov for attorneys' fees and costs stemming from the litigation before the district court and us." *Masco*, 513 F.3d at 726. A January 28, 2008, letter from Prostyakov's attorney, Stephen Plopper, to Masco's attorney, Michael Wukmer, advised Masco of Prostyakov's "calculation of the amounts owed to . . . Prostyakov by Masco . . . as a result of the 7th Circuit's decision." (Def.'s Br., Ex. C at 1.) That calculation indicated that the "Total Attorneys' Fees" owed were $211,137.35. (*Id.* at 3.) The letter stated Plopper's willingness to forgo the collection of fees of $30,675,

---

[4] Even now, he offers no documentary evidence of a contingency fee agreement.

6

which represented fees for July 1, 2005 to August 15, 2005. (*Id.* at 1, 3.) In a January 31, 2008, response email to Plopper, Wukmer said that Masco would issue a check including $211,137.55 for claimed attorneys' fees. (*Id.*, Ex. E.) The reimbursement Prostyakov now seeks stems from his alleged contingency fee agreement with his attorney, not from the litigation before this court and the Seventh Circuit, and was not included in Plopper's representation of the "Total Attorneys' Fees" owed.

Nor was any claim made that Masco pay any fees under an alleged contingency fee arrangement in the February 7, 2008, email from Plopper to Masco's attorneys. That email states that "[i]n the interest of finalizing this litigation," Plopper agreed to waive collection of his fees for $30,675. (*Id.*, Ex. H.) The email also sought an additional $26,510 in fees incurred from January 22, 2008, through February 5, 2008 ($15,945 for Bose McKinney and $10,565 for SP&A). (*Id.*) In a February 8, 2008 email from Masco's counsel, Brian Bailey, to Plopper, Masco said it had no objection to payment of the additional fees requested as well as $2,209.99 in interest, for a total of $28,698. (Def.'s Br., Ex. K.)[5]

Then, on March 5, 2008, in an email to Masco's counsel, Plopper indicated that the "uncontested amounts still due" totaled $33,286.59, which included $2,509.88 in interest, attorneys' fees of $15,945 for Bose McKinney and $10,565 for SP&A (a total of $26,510), and Prostyakov expenses of $4,266.71. (*Id.*, Ex. M.) The email stated that "[t]his leaves open only one item, the documentation of Prostyakov expenses from 9/29/06 to 1/22/08." (*Id.*) No claim for payment of a contingency fee was made in Plopper's March 5 email. Plopper followed up

---

[5] The email contained an error; it said that Masco had no objection to fees of $15,945 for Plopper, but $15,923.75 was used in calculating the total amounts Masco agreed to pay. This error is inconsequential. The $15,945 was ultimately agreed upon and included in the two checks issued by Masco in June of this year in an attempt to finalize this litigation.

with a March 12, 2008, email to Masco's counsel, reiterating his request that "Masco pay remaining amounts that had been agreed, by my calculation $33,286.59." (Def.'s Br., Ex. N.) Again, there was no mention of any contingency fees paid by Prostyakov or allegedly owed to him by Masco. On April 11, 2008, Plopper sent Masco's attorney an email indicating: "It seems that we are in agreement that Masco will reimburse the remaining attorney fees: Stephen Plopper & Associates-$15,945.00 and Bose McKinney- $10,565.00." (Def.'s Br., Ex. P at 10.) And, again, no mention was made of any obligation of Masco to pay fees under a continency fee arrangement Prostyakov had with his attorney.

Beginning with the arbitration proceeding and thereafter, Prostyakov had numerous opportunities to claim that Masco should pay attorneys' fees he allegedly owed under a contingency fee agreement with his attorney. He did not. By failing to do so, he waived any right to assert such a claim.

Furthermore, it seems that Prostyakov's belated claim for recovery of contingent fees is barred by the doctrines of laches and equitable estoppel. Laches has three elements: inexcusable delay in asserting a known right, implied waiver from knowing acquiescence in existing conditions, and change in circumstances causing prejudice to the adverse party. *See Carpenter v. Carpenter*, 891 N.E.2d 587, 598 (Ind. Ct. App. 2008). "Equitable estoppel applies if one party, through its representations or course of conduct, knowingly misleads or induces another party to believe and act upon his or her conduct in good faith and without knowledge of the facts." *Terra Nova Dairy, LLC v. Wabash County Bd. of Zoning Appeals*, 890 N.E.2d 98, 105 (Ind. Ct. App. 2008) (quotation omitted). These doctrines appear to have been satisfied here. Prostyakov, through his counsel, represented to Masco that the "Total Attorneys' Fees" owed by

Masco were $211,137.35; Masco did not object to payment of claimed attorneys' fees in order to finalize this litigation; the parties reached an agreement that Masco would pay the $211,137.35 in "Total Attorneys' Fees"; the agreed upon sum did not include any obligation to pay a contingency fee; Prostyakov did not assert a claim for contingent fees against Masco until after the agreement over "Total Attorneys' Fees" was reached; and Masco has paid and/or attempted to pay the amounts agreed upon. Thus Prostyakov has no right to recover from Masco the contingent attorneys' fees he now seeks and we will not award them here.

In addition to the contingency fee, Prostyakov seeks other fee amounts above and beyond those which the parties have agreed upon. In an April 14, 2008, letter to Masco's President and CEO, Prostyakov's Bose McKinney attorney demanded payment of, *inter alia*, $30,675 in attorneys' fees from July 15, 2005, to August 15, 2005. (Def.'s Br., Ex. Q.)[6] The fees were the very same fees which Plopper had agreed, on more than one occasion, to waive. For example, Plopper's February 7 email to Masco's attorneys stated that he was "willing to waive collection of this [fee] conditioned upon our receipt of the Executive Order as agreed. In the unlikely event that we must pursue legal enforcement of the 'equitable relief' these fees would be back on the table." (*Id.*, Ex. H.) On February 7, 2008, Masco submitted to Prostyakov's counsel the Executive Order and accepted the offer to waive the collection of the $30,675 in fees. (*Id.*, Ex. I.) Prostyakov later acknowledged that the Executive Order complied with the arbitration award (*id.*, Ex. J), and on February 10, 2008, he received the Executive Order, in compliance with the arbitration award. Thus, Masco has satisfied the condition placed on his counsel's waiver of the

---

[6] The letter erred in claiming that these fees were for July 15 to August 15, 2005. Plopper repeatedly wrote that the time at issue was July 1 to August 15, 2005. (E.g., Def.'s Br., Exs. C, D, & H.)

collection of $30,675 in fees for July 1, 2005, to August 15, 2005, and Prostyakov has no right to payment of these fees.

As for the fees owed from January 22 to February 5, 2008, the parties have reached an agreement on this matter as well.  During February and March 2008, the parties through their counsel ultimately agreed that Masco would pay $15,945 in fees to Plopper and $10,565 in fees to Bose McKinney for the period of January 22 to February 5, 2008.  On April 11, 2008, Plopper wrote Masco's attorney: "It seems that we are in agreement that Masco will reimburse the remaining attorney fees: Stephen Plopper & Associates-$15,945.00 and Bose McKinney-$10,565.00 . . . ."  (Def.'s Br., Ex. P at 10.)

On June 2, 2008, and again on June 10, 2008, Masco issued checks payable to Prostyakov's attorney, Plopper, in the amount of $33,286.59, to satisfy its remaining obligations to Prostyakov with respect to any claims arising out of or related to the arbitration award, including interest, attorneys' fees, costs and expenses.  (Def.'s Br., Exs. R, T.)  The amount included $2,509.88 in unpaid interest, claimed attorneys' fees of $15,945 for Plopper and $10,565 for Bose McKinney, and Prostyakov's undocumented expenses of $4,266.71.[7]  The total amount and the breakdown were the same as requested by Plopper in his March 5 email to Bailey.  Masco asked Prostyakov's attorney to sign a Satisfaction of Judgment on June 10, 2008. (*Id.*, Ex. T.)  Prostyakov has refused to accept Masco's checks and returned them to Masco.  No Satisfaction of Judgment has been executed.

---

[7] The letter states that the check is based on attorneys' fees of $26,541 ($15,923.75 for Plopper and $10,565 for Bose McKinney); however, $15,945 in fees for Plopper had to have been included to reach a check total of $33,286.59.

10

As the above explication demonstrates, Masco twice has agreed to pay and twice has attempted to pay Prostyakov his attorneys' fees for January 22, 2008 to February 5, 2008, in the amount of $15,945 for Plopper and $10,565 for Bose McKinney. Prostyakov simply has not accepted payment of the amount of fees the parties agreed that Masco owes Prostyakov. Similarly, Prostyakov and Masco agreed on the amount of post-judgment interest still due Prostyakov–$2,509.88–but has Prostyakov refused to accept Masco's payment. In addition, Prostyakov has asserted that he was due $4,266.71 in documented expenses, apparently for the period before January 22, 2008. (See Def.'s Br., Ex. K.) Eventually Masco agreed to pay these expenses and, sure enough, its checks included an amount to cover them. To summarize, then, the parties reached an agreement as to the amounts due from Masco to Prostyakov under this court's judgment, Masco attempted to pay Prostyakov the amounts due, and Prostyakov has refused to accept payment. Prostyakov really left Masco no choice but to petition the court for relief.

Prostyakov has indicated that, in addition to "the sums necessary to satisfy the Judgment," he has a number of "new claims" which have arisen from Masco's alleged continued breach of the Settlement Agreement post-August 15, 2005. (Def.'s Br., Ex. Q.) As Prostyakov agrees, these alleged new claims are not properly before the court and thus we make no rulings with respect to them. However, it must be said that nothing in our judgment would entitle Prostyakov to another $44 million or so in addition to the arbitration award. And the new claims seem dubious at best. First, it appears that at least some, if not all, of them were raised, or should have been raised, in the arbitration proceeding. Furthermore, Prostyakov apparently reads the Seventh Circuit's decision as authorizing him to claim that Masco must pay him

whatever he *claims* it owes him, no questions asked and no legal authority or other substantiation needed for the claim. The appellate decision does no such thing.

*Conclusion*

Accordingly, Defendant's Motion to Reopen Case to Seek Relief from Judgment Based on Satisfaction of Judgment is GRANTED, Defendant's Motion for Oral Argument is DENIED, and Defendant's Motion for an Order of Deposit and Investment is GRANTED. An appropriate order will be entered.

IT IS SO ORDERED.

Date: 10/28/2008

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana