UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETER A. PROSTYAKOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:05-cv-1430-SEB |
| vs. ) | |
| ) | |
| MASCO CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO ALTER OR AMEND JUDGMENT
AND
APPROVING PROPOSED ORDER OF SATISFACTION OF JUDGMENT**
(Docket Nos. 83 & 85)

On October 28, 2008, the court issued its Entry Granting Defendant's Motion to Reopen Case to Seek Relief from Judgment Based on Satisfaction of Judgment, Denying Defendant's Motion for Oral Argument, and Granting Defendant's Motion for an Order of Deposit and Investment ("October 28 Entry"). The court's Amended Order of October 29, 2008, states that "[f]ollowing Masco's deposit in accordance with this order, the court will enter an order finding that the September 29, 2006 judgment against Masco has been satisfied, thus relieving Masco from further payments under that judgment to Prostyakov." (Am. Order 2.)

On November 10, 2008, Masco deposited with the Clerk a check for $33,286.59, made payable to the Clerk, and tendered a proposed Order of Satisfaction of Judgment.

*Plaintiff's Motion to Alter or Amend*

Plaintiff now moves the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the October 28 Entry. Defendant Masco Corporation ("Masco") filed a response. Plaintiff did not file a reply within the time prescribed by the Local Rules, and

the time for doing so has passed. For the reasons that follow, the court denies Plaintiff's motion.

Plaintiff asks the court to amend its October 28 Entry to limit the offer of $33,286.59 to satisfaction of post judgment interest of $2,509.88; his attorney fees for the period from January 22, 2008 to February 5, 2008, of $26, 510; and his documented expenses of $4,266.71. He requests that the court not enter a final Satisfaction of Judgment and compel arbitration of his claims for prejudgment interest, attorney fees for July 1, 2005 to August 15, 2005, and contingent fees in excess of the amounts billed. He also asks the court to strike dicta in the last paragraph of the October 28 Entry.

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence . . . or . . . points to evidence in the record that clearly establishes a manifest error of law or fact." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (quotation omitted). It is well-established "that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a  judgment . . . ." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (citations omitted). Under this standard, the court must deny Plaintiff's motion to alter or amend. Plaintiff presents no newly discovered evidence nor shows a manifest error of law or fact. He instead makes arguments that could and should have been made before.

But even if the court were to consider the substance of Plaintiff's arguments, he has not shown that the October 28 Entry should be altered or amended. First, Plaintiff argues that his claim for prejudgment interest springs from the Settlement Agreement rather than the court's September 29, 2006 Entry. Regardless of the source of his claimed right to such interest, as a

2

factual matter neither the Arbitration Award, the court's September 29, 2006 Entry, nor the court's September 29, 2006 Judgment awards prejudgment interest. Plaintiff reads the Seventh Circuit's decision affirming this court's judgment as reinstating a right to prejudgment interest, see *Prosyakov v. Masco Corp.*, 513 F.3d 716 (7th Cir. 2008), but such a reading is not a reasonable one. Plaintiff goes further still and asks this court to compel arbitration of the question of prejudgment interest. The court declines to do so for the reasons stated in the October 28 Entry at page 4. Simply stated: "Prostyakov has waived any right he may have had to interest on the arbitration award from the date of the award to this court's judgment." (October 28 Entry at 3.) There would be no point in ordering arbitration of a waived claim.

Similarly, Plaintiff waived any right he may have had to contingent fees in excess of billed fees. The arbitration award does not include any award for contingent fees and Plaintiff does not claim he sought such fees in the arbitration. His request to arbitrate the contingency fee issue now comes way too late. The doctrines of laches and equitable estoppel seem applicable as well.

Plaintiff contends that the matter of fees for July 1, 2005 to August 15, 2005, turns on whether his counsel's offer to waive fees was a "conditional settlement offer" or an irrevocable waiver. Plaintiff thinks it was the former. Yet, as this court determined in its October 28 Entry, Masco has satisfied the conditions placed on Plaintiff's counsel's waiver of collection of these fees. (October 28 Entry 9-10.) Plaintiff offers nothing to refute this conclusion. Instead, he argues that Masco offered evidence to show waiver which violated Federal Rule of Evidence 408 and that the court erred in relying on that inadmissible evidence. If that is the case, one wonders why Plaintiff did not argue this in a timely fashion, that is, in response to Masco's motion to

reopen. It is improper to advance this argument at this late date. *See Sigsworth*, 487 F.3d at 512. In any event, the exhibits at issue were considered in determining the terms of the parties' agreement as to fees and thus were properly considered. *See Cent. Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982) (concluding Rule 403 does not preclude evidence of the terms of settlement in order to prove that a portion of the indebtedness had been forgiven); *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, No. 5:06-CV-139, 2007 WL 2986469, at *3 (W.D. Mich. Oct. 10, 2007) (stating that "Rule 408 does not bar the admission of evidence of the parties' settlement negotiations on the issue of attorney fees").

Finally, the court declines Plaintiff's request to strike dicta contained in the penultimate paragraph in the October 28 Entry. *See Abbs v. Sullivan*, 963 F.2d 918, 925 (7th Cir. 1992) (stating that a motion to vacate dictum is outside the scope of Rule 59(e)). And the court declines Masco's footnote request to sanction Plaintiff. However, both sides are alerted to the fact that we may not be as willing to overlook any other effort to further prolong this matter, which, in the words of the Seventh Circuit, "should have ended long ago." *Prostyakov*, 513 F.3d at 727.

*Masco's Proposed Order of Satisfaction of Judgment*

As noted, Masco deposited with the Clerk a check for $33,286.59, made payable to the Clerk and tendered a proposed Order of Satisfaction of Judgment. Plaintiff has not filed any objection to the form of the proposed order (other than the objections implicit in his motion to alter or amend judgment). The court has reviewed and approves the proposed order.

*Conclusion*

For the foregoing reasons, the Plaintiff's Motion to Alter or Amend Judgment and to Compel Arbitration (document # 83) is DENIED. It is noted that the parties' agreement as to post judgment interest remaining to be paid in the sum of $2,509.88 was calculated through February 5, 2008. No interest after that date shall be awarded.

It is further ORDERED that an Order of Satisfaction of Judgment in the form tendered by Masco on November 10, 2008, will be entered forthwith.

IT IS SO ORDERED.   12/18/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana